USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____6/18/2026_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADEIA INC., ADEIA MEDIA HOLDINGS
INC., ADEIA MEDIA LLC, ADEIA
GUIDES INC., ADEIA TECHNOLOGIES
INC., AND ADEIA MEDIA SOLUTIONS
INC.

                Plaintiffs,

v.

DIRECTV, LLC

                Defendant.

26 Civ. 00238 (AT)

**CONFIDENTIALITY STIPULATION AND
PROPOSED PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. "Producing Party" means a party or third party producing Confidential Information of Attorneys' Eyes Only ("AEO") Information. "Receiving Party" means a party or third party receiving Confidential or AEO Information under this Protective Order.

2. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

3. Counsel for any party may designate any document or information, in whole or in part, as "ATTORNEYS' EYES ONLY" ("AEO Information") if counsel determines, in good faith, that the information constitutes highly sensitive competitive, commercial, or personal information such that its disclosure—even subject to the restrictions applicable to Confidential Information—would create a substantial risk of harm to the Producing Party or its personnel, clients, or customers. AEO Information shall include, without limitation, non-public technical information concerning unreleased or proprietary products, source code, non-public license agreements, non-public financial information, non-public business or strategic plans, and trade secrets. Information and

documents designated AEO will be stamped "ATTORNEYS' EYES ONLY." AEO Information is a subset of Confidential Information and is subject to all protections applicable to Confidential Information, together with the additional restrictions set forth herein.

4. The Confidential Information and AEO Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action without prior agreement by the Producing Party.

5. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential or AEO Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential or AEO Information.

6. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.    No more than three (3) in-house counsel;

    b.    employees of such Receiving Party assigned to and necessary to assist in the litigation, provided that such employees are identified to the Producing Party in writing at least three (3) days before access to the designated material is to be given to that employee to allow the Producing Party to object to and notify the Receiving Party in writing that it objects to the disclosures of designated material to the employee;

    c.    outside consultants or experts (*i.e.*, not existing employees or affiliates of a party or an affiliate of a party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the parties hereto for purposes other than this action; (2) before access is given, the consultant or expert has completed the Acknowledgement attached as Exhibit A hereto and the same is served upon the Producing Party with a current curriculum vitae of the consultant or expert at least seven (7) days before access to the designated material is to be given to that consultant or expert to object to and notify the Receiving Party in writing that it objects to disclosure of designated material to the consultant or expert. The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection, the Producing Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the parties may agree, seeking a protective order with respect to the proposed disclosure. The Producing Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

    d.        vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, members of a document review team, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

    e.        the author or recipient of a document[1]; and

    f.        the Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

    g.        outside counsel of record for the parties and employees of such counsel assigned to and necessary to assist in the litigation. For avoidance of doubt, outside counsel of record includes outside counsel of record in the above-captioned action as well as outside counsel of record in *DIRECTV, LLC v. Adeia, Inc.*, No. 25-cv-11048 (N.D. Cal.) as long as such outside counsel of record complies with the provisions herein, including this paragraph. To the extent outside counsel of record is outside counsel of record in *DIRECTV, LLC v. Adeia, Inc.*, No. 25-cv-11048 (N.D. Cal.) but no attorney from such counsel's firm is counsel of record in the above-captioned case, that outside counsel of record will not have access to information designated Confidential Information or AEO Information of the Producing Party until they have signed the Acknowledgement attached as Exhibit A hereto and the same is served upon the Producing Party.

7. Documents and information designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

    a.        outside counsel of record for the parties and employees of such counsel assigned to and necessary to assist in the litigation as defined in paragraph 6(g). For the avoidance of doubt, AEO Information shall not be disclosed to in-house counsel, officers, directors, or employees of any party;

    b.        outside consultants or experts described in Paragraph 5(c) above, whose duties and responsibilities require access to such materials;

    c.        vendors of the types described in Paragraph 5(d) above, whose duties and responsibilities require access to such materials;

---

[1] For purposes of this Protective Order, the category of the author or recipient of a document in 6(e) and 7(d) shall include with respect to any information that DIRECTV is alleged to have used in violation of the NDA between the parties or is alleged to have misappropriated as a trade secret, DIRECTV's in-house counsel. For avoidance of doubt, this does not include any other information that Adeia contends is a trade secret and is designated AEO Information.

d.      the author or recipient of a document; and

e.      the Court (including the mediator, or other person having access to any AEO Information by virtue of his or her position with the Court).

8. With respect to any depositions that involve a disclosure of Confidential Information or AEO Information of a party to this litigation or non-party, the deposition transcript may be designated as containing "Confidential Information" or "AEO Information" either (1) on the record during the deposition, or (2) by providing written notice within thirty (30) calendar days of the date on which the deposition occurred. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 5 and 6 above and the deponent during these thirty (30) calendar days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 5 and 6. Upon being informed that certain portions of a deposition are to be designated as Confidential or AEO, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of the transcript in accordance with Paragraphs 5 and 6.

9. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information or AEO Information. If so designated, the document or information shall thereafter be treated as Confidential Information or AEO Information subject to all the terms of this Stipulation and Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of any material during a time when that material had not been designated Confidential or AEO, even where the failure to so designate was inadvertent.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).   When a Producing Party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such documents, information, or other material; (2) not later than three (3) business days after receipt of the Producing Party's notice, shall return to the Producing Party (except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed) or destroy all copies of such documents, information or other material and shall certify to the producing party that the recipient(s) have taken the aforementioned steps. The Producing Party shall provide a privilege log within three (3) business days of giving notice that certain inadvertently produced material is subject to a claim of privilege or other protection. The recipient(s) may seek to compel the production of inadvertently produced documents or information that the Producing Party has requested to claw

back on the basis of attorney-client privilege, work product, or another privilege. Any such effort shall not disclose or otherwise use the content of the inadvertently produced document or information that was the subject of the claw-back request, beyond any information appearing on the privilege log. The Parties expressly acknowledge that documents that a Producing Party contends were inadvertently produced and seeks to claw back on the basis of attorney-client privilege, work product, or another privilege, must be returned and cannot be sequestered or otherwise retained by any recipient for submission to the Court. Outside counsel for the Producing Party and outside counsel for the recipient(s) shall meet and confer in accordance with applicable law or Court rules regarding any such request to compel production.

11. All Confidential or AEO material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court, shall be filed under seal and kept under seal until further order of the Court. The parties shall follow the Court's procedures for requests for filing under seal.

12. If the need arises during trial or in any application to or at any hearing before the Court for any party to disclose Confidential Information or AEO Information, it may do so only after giving notice to the Producing Party, and as directed by the Court.

13. At the conclusion of litigation, Confidential Information, AEO Information, and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. Counsel shall not be required to secure the return or destruction of materials submitted to the Court.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or AEO Information if otherwise required by law or pursuant to a valid subpoena. If a non-party serves a party in this litigation with a request, subpoena, or order ("demand") for disclosure of Confidential Information or AEO Information, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the Producing Party's counsel, and shall notify the non-party who served the request that some or all of the materials sought by the request are subject to this Protective Order. In its sole discretion and at its own cost, the Producing Party may oppose or seek to limit the demand in any legal manner and shall notify the Receiving Party of its intent to do so no later than five (5) business days before a response is due. The Receiving Party shall not oppose or otherwise interfere with the Producing Party's actions. If a Producing Party opposes or seeks to limit the demand in any legal manner, the Receiving Party shall not disclose any Confidential Information or AEO Information prior to resolution of the dispute regarding production of such material.

15. This Protective Order shall survive the termination of this litigation and shall remain in full force and effect unless modified by an Order of this Court, or by the written stipulation of the parties filed with the Court. The Court shall retain jurisdiction over

all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED**

DATED: April 27, 2026

*/s/ Rachel M. Echols*

Sharon L. Davis
Michael H. Jones
Rachel M. Echols
Bryan B. Thompson
Benjamin H. Fishman
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
901 New York Avenue, N.W., Suite 900
East
Washington, DC 20001
Telephone: (2020 783-6040
Facsimile: (202) 783-6031
sdavis@rothwellfigg.com
mjones@rothwellfigg.com
rechols@rothwellfigg.com
bthompson@rothwellfigg.com
bfishman@rothwellfigg.com

*Attorneys for Defendant DIRECTV, LLC*

*/s/ Bradley W. Caldwell*

Bradley W. Caldwell (admitted *pro hac vice*)
New York State Bar No. 5197546
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady (admitted *pro hac vice*)
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry (admitted *pro hac vice*)
New York State Bar No. 5178066
Texas State Bar No. 24059636
Email: acurry@caldwellcc.com
Brian D. Johnston (admitted *pro hac vice*)
New York State Bar No. 4731774
Texas State Bar No. 24080965
Email: bjohnston@caldwellcc.com
R. Seth Reich Jr. (admitted *pro hac vice*)
Texas State Bar No. 24088283
Email: sreich@caldwellcc.com
John F. Summers (admitted *pro hac vice*)
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Jonathan P. Bach
**SHAPIRO ARATO BACH LLP**
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
Telephone: (212) 257-4897
Email: jbach@shapiroarato.com

*Attorneys for Plaintiffs Adeia Inc., Adeia
Media Holdings Inc., Adeia Media LLC,
Adeia Guides Inc., Adeia Technologies Inc.,
and Adeia Media Solutions Inc.*

Nothing in this order shall be construed to abrogate or supersede Rule IV(A) of the undersigned's Individual Practices in Civil Cases. The parties are advised that the Court will not automatically consider a party's designation of a document as "confidential" as sufficient, standing alone, to warrant sealing.

**SO ORDERED**

Dated: June 18, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADEIA INC., ADEIA MEDIA HOLDINGS INC., ADEIA MEDIA LLC, ADEIA GUIDES INC., ADEIA TECHNOLOGIES INC., AND ADEIA MEDIA SOLUTIONS INC.<br><br>            Plaintiffs,<br><br>v.<br><br>DIRECTV, LLC<br><br>            Defendant. | 26 Civ. 00238 (AT) |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, the undersigned, hereby acknowledge that I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above captioned matter pending in the United States District Court for the Southern District of New York, have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order entered in that action (the "Order"). I have read the Order, understand its terms, and agree to be bound by them.

I hereby agree that I will not disclose any information contained in such documents to any person other than those expressly authorized by the Order. I further agree not to use any such information for any purpose other than this litigation.

I submit to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Order and acknowledge that violation of the Order may result in penalties for contempt of court.

Date: _____                                By:_____