# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADEIA INC. et al., | |
| *Plaintiffs,* | Civil Action No. 1:26-cv-00238-AT |
| v. | **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO SEAL PORTIONS OF THE COURT'S ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| DIRECTV, LLC, | |
| *Defendant.* | |

## I.    INTRODUCTION

Plaintiffs Adeia Inc. et al. ("Adeia") chose to bring this suit.  It had to understand that this Court reviews efforts by parties to keep information relating to judicial decisions from the public under the standards described in this Court's Order that Adeia now seeks to seal.  *See* ECF 93 at 4-5 ("Order").  This Court methodically evaluated the information that Adeia sought to seal and determined as to each document and exhibit whether those documents should be kept under seal and appears to have been quite careful to include in its Order only information that it had determined would not need to be sealed.  *Id.* at 6-9.  Adeia ignores a key finding in the Court's Order, which was that, while ███████████████████████████████████████████████████████ ███████████████████████████████████, the basic facts describing those documents could not be kept from the public under the standards applied in this Court.  *Id.* at 8-9.  Adeia now asks this Court to revisit that aspect of its Order and to seal essentially **all** statements describing the basic facts of this matter, such as ████████████████████ ████████████████████████████████████████████████ ████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████    ECF 96 at 4, 7-8.  Because this Court

correctly determined that such general descriptive information does not meet the standard for

sealing judicial documents, Adeia's motion to seal should be denied.

In addition to arguing the merits of the motion to seal, Adeia also accuses DIRECTV of

somehow using the motion to seal process improperly for strategic advantage.  ECF 96 at 5.

Those allegations are particularly inappropriate and unfounded here as Adeia ignores the fact that

DIRECTV **did not oppose** any of its efforts to seal the materials that are now at issue.  It would

be a curious strategy for DIRECTV to consent repeatedly to Adeia's requests to seal certain

information as part of some improper scheme.  DIRECTV submits this opposition to Adeia's

motion because Adeia's request that this Court revisit its rulings on the motions to seal is

inconsistent with this Court's well-reasoned analysis and is based on an incomplete and

inaccurate factual record.  DIRECTV is also concerned that Adeia would improperly use a ruling

on this motion placing certain information under seal to object to DIRECTV's use of the same or

similar facts and information that Adeia has already made public.  As set forth herein, because

Adeia's motion to seal seeks to restrict public access to judicial documents beyond what is

warranted under this Court's ruling, and because much of what Adeia seeks to seal has already

been made public by Adeia's own actions, Adeia's motion to seal should be denied.

## II.    THIS COURT'S ORDER DID NOT REVEAL INFORMATION THAT WAS INCONSISTENT WITH ITS RULINGS ON THE MOTIONS TO SEAL

In asking this Court to temporarily seal its Order, Adeia asserts that this Court's Order as

written was inconsistent with its rulings on the Motions to Seal. *See* ECF 96 at 3.  Adeia's

assertion is incorrect and ignores this Court's reasoning in its Order.  Adeia relies on the fact that

2

this Court held that Adeia's actual analysis of its patent portfolio as reflected in Exhibits D, E, F, and H was properly sealable as sensitive business information. ECF 96 at 7. But in reaching that conclusion as to those specific exhibits, this Court was quite clear that it was distinguishing between the general descriptions of Adeia's activities and documents (which would not be appropriate to keep from the public) and the specific analysis of patents that is contained in the exhibits. ECF 93 at 8 (explaining that the description of these documents is relevant, but the information contained therein would reveal sensitive information). For that reason, it was not inconsistent for the Court to include in its Order those general descriptions of those documents that were necessary for the public to understand the motion and that cannot reasonably be treated as sensitive commercial information.



Likewise, in holding that Exhibit G, ███████████████████████ ███████████████████, would remain sealed, the Court again distinguished between the description ███████████████████████████████████ ██████████████████████████████████████ ████████████████████████ and its substantive contents. █ Despite Adeia's statements to the contrary, the Order does not ████████████████████████ ██████████████████████████████████████ ████████████████████ There is nothing inconsistent between the Court's determinations that these documents themselves may remain under seal and the Order describing that decision not being under seal. Thus, the premise of Adeia's motion that this Court had ruled inconsistently is simply not supported by the record and this motion is more properly viewed as a request by Adeia for reconsideration of this Court's rulings on the motions to seal, which should be denied.

3

**III.    ADEIA'S ARGUMENTS FOR ITS PROPOSED REDACTIONS ARE BASED ON ARGUMENTS IT DID NOT MAKE IN ITS MOTION TO SEAL AND SEEK TO SEAL FACTS THAT HAVE ALREADY BEEN FOUND TO BE RELEVANT AND NOT SUBJECT TO SEAL**

Adeia makes new arguments that it did not make in its original motion to seal the materials that led to the Order based on 18 U.S.C. § 1835(a).  Besides improperly injecting a new statutory authority in support of sealing these materials, this argument is unavailing because Section 1835(a) applies only to the confidentiality of the trade secrets themselves.  Here, as reflected in the Order, the information that Adeia is asking to be sealed does not itself constitute a trade secret.

In any event, there is simply nothing competitively sensitive in the kinds of general statements that Adeia seeks to redact from the Court's opinion.  For example,



? Likewise,

? Even if Adeia can argue

it is even more of a stretch to claim

As this Court already found, none of these statements describing the nature of documents and communications reveal Adeia's internal analysis or sensitive business information.  *See* ECF 93 at 8.  Whether or not the

, but nothing in the Order discloses

.  On the other hand, it is hard to see how the public could understand the Court's

4

rulings without having these basic descriptions of the facts as laid out in the Order.  For that reason, the Court's reasoning in the Order applies to the Order itself and weighs against granting Adeia's Motion to Seal.

It is also worth noting that Adeia also does not even challenge this Court's determination that Exhibit I should not be sealed.  But Exhibit I contains the same kinds of general statements and descriptions about Adeia's allegations as those that it now seeks to seal in the Order. Specifically, Exhibit I states:

> DIRECTV used Adeia's confidential information to prepare and file a declaratory judgment action.  DIRECTV's Complaint reflects its use of Adeia's Confidential Information, including in DIRECTV's selection of patents to include in the declaratory judgment action, as well as DIRECTV's positions on infringement and validity, which DIRECTV developed using Adeia's confidential information.

Because Adeia fails to identify any specific information that is commercially sensitive and meets the standards for maintaining relevant facts under seal, its motion to seal (or request to reconsider the Court's prior ruling on the motion to seal) should be denied.

## IV.  ADEIA'S PROPOSED REDACTIONS SEEK TO SEAL INFORMATION THAT REVEALS NO MORE OF ITS SENSITIVE BUSINESS INFORMATION THAN ADEIA HAS ALREADY MADE PUBLIC ITSELF

Adeia argues that it is entitled to have these general descriptions and statements of fact sealed because the public might be able to figure out █████████████████████████ ████████████████████████████████████████████████████████ ███████████  But that information is already available to the public based on Adeia's own actions and disclosures.  Adeia itself put into the public realm the facts that (1) it had business discussions with DIRECTV concerning licensing its patent portfolio (SDNY Dkt. 1, ¶ 22); (2) it entered an NDA (which this Court has already made public) with DIRECTV (*id.* at ¶ 23); (3) it conducted "hundreds of hours" of confidential analysis and provided that analysis to DIRECTV

(*id.* at ¶ 47); and (4) DIRECTV would not have been able to identify the 10 patents that are at issue in the DJ action without using the confidential analysis provided pursuant to the NDA (*id.* at ¶ 50). None of that information was redacted by Adeia from its public filings in this case. It is unclear what Adeia contends is in the Order it seeks to redact that would provide any more significant information to the interested public than what is already plain from the public record of Adeia's own statements.

Indeed, Adeia's arguments are internally inconsistent. In seeking a preliminary injunction, Adeia claimed that the filing of the DJ Complaint ███████████████████ ████████████████████████████████████████████ And as Adeia itself recognizes, DISH has asserted that it was able to ascertain that Adeia had identified at least those ten patents to DIRECTV because of what Adeia itself pleaded in its Complaint and other papers. ECF 96 at 4 (explaining that DISH cited to Adeia's own affirmative steps to validate that the patents at issue were amongst those that it would assert against Pay-TV companies). Given Adeia's own claims that its confidential information **has already been made publicly available**, Adeia fails to explain why this Court's Order must be stripped of the general information necessary to explain the basis for this Court's ruling, particularly where doing so would not expose any more of Adeia's confidential information than what Adeia claims has already been exposed by DIRECTV's actions.

Therefore, for the additional reason that Adeia's own public disclosures have already made these general descriptions and facts publicly available, Adeia's motion to seal portions of the Order should be denied.

6

## V.    CONCLUSION

For the reasons set forth above, Defendant DIRECTV respectfully submits that Adeia's

Motion to Seal Portions of the Court's Order Denying Plaintiffs' Motion for Preliminary

Injunction should be denied.


Date: July 8, 2026                                 Respectfully submitted,

                                                   */s/ Sharon L. Davis*
                                                   Sharon L. Davis
                                                   Michael H. Jones
                                                   Rachel M. Echols
                                                   Bryan B. Thompson
                                                   Benjamin H. Fishman
                                                   ROTHWELL, FIGG, ERNST & MANBECK, P.C.
                                                   901 New York Avenue, N.W., Suite 900 East
                                                   Washington, DC 20001
                                                   Telephone: (2020 783-6040
                                                   Facsimile: (202) 783-6031
                                                   sdavis@rothwellfigg.com
                                                   mjones@rothwellfigg.com
                                                   rechols@rothwellfigg.com
                                                   bthompson@rothwellfigg.com
                                                   bfishman@rothwellfigg.com

                                                   *Attorneys for Defendant DIRECTV, LLC*

**CERTIFICATE OF COMPLIANCE**

I, Sharon L. Davis, hereby certify that this memorandum of law complies with the length restrictions in Local Civil Rule 7.1(c) and the Individual Practices in Civil Cases before Judge Analisa Torres.

I further certify that this memorandum of law contains 1,907 words, including any footnotes or endnotes and excluding only those sections of the brief that are exempted under Local Civil Rule 7.1(c) and Your Honor's Individual Practices.  In preparing this certificate of compliance, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

*/s/ Sharon L. Davis*
Sharon L. Davis