**CONFIDENTIAL – PROPOSED TO BE FILED UNDER SEAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION**

| | |
|---|---|
| ADEIA INC., ADEIA MEDIA HOLDINGS INC., ADEIA MEDIA LLC, ADEIA GUIDES INC., ADEIA TECHNOLOGIES INC, AND ADEIA MEDIA SOLUTIONS INC. <br><br> Plaintiffs, <br><br> v. <br><br> DIRECTV, LLC <br><br> Defendant. | Case No. 1:26-cv-00238-AT <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO SEAL PORTIONS OF THE COURT'S ORDER**

**CONFIDENTIAL – PROPOSED TO BE FILED UNDER SEAL**

## I.    ARGUMENT IN REPLY

### A.    <u>The Court Should Seal Adeia's Trade Secrets and Proprietary Information.</u>

Adeia submits this Reply in support of its motion to seal.  DIRECTV opportunistically seeks to destroy Adeia's trade secrets simply because it hopes the Court might be inclined to do so.  But Adeia has pleaded trade secret status for ███████████████████████████ ████████████████████████████████  Adeia intends to prove at trial that this information constitutes trade secrets.  And although DIRECTV would love the Court to publicly disclose these trade secrets so that it could include that information in an amended complaint in the currently dismissed DJ action, the Court is statutorily prohibited from doing so.

DIRECTV does not contest that the Court cannot disclose trade secrets; instead, it asks the Court to destroy the trade secrets with a gesture toward waiver and a suggestion that the Court can destroy a substantive trade secret right in ruling on a motion to seal.  Resp. at 4 (contending that Adeia is "improperly injecting a new statutory authority" and rejecting the statute because "the information . . . does not itself constitute a trade secret").  But the Court's Order did not exist at the time of the original motion to seal the preliminary injunction briefing.  And DIRECTV unsurprisingly provides no support that the Court can simply decree a lack of trade secret status—which would, among other things, violate Adeia's Seventh Amendment right to a jury trial on that factual issue—in connection with a sealing motion.  Nor does the Court's Order analyze the trade secret status of the information at all.

There is competitively sensitive information underlying these disclosures.  Both DIRECTV and DISH are actively seeking to manufacture jurisdiction in their parallel DJ actions against Adeia.  As part of that effort, DIRECTV and DISH must allege facts showing sufficient enforcement activity to give rise to an alleged injury-in-fact, and they also must allege facts

1

**CONFIDENTIAL – PROPOSED TO BE FILED UNDER SEAL**

showing that the declaratory judgment case would remedy the underlying controversy. *See, e.g.,* *ActiveVideo Networks, Inc. v. Trans Video Elecs., Ltd.*, 975 F. Supp. 2d 1083, 1087-88 (N.D. Cal. 2013); *Apple v. Qualcomm*, 992 F.3d 1378, 1382-83 (Fed. Cir. 2021).  DIRECTV is particularly desirous to show ███████████████████████████████████████████████ ████████████████████████████████████  A disclosure from the Court would potentially allow DIRECTV ████████████████████████████████  This is not "high level information"; it is the among most economically and strategically valuable secret information shared—precisely why DIRECTV wishes the Court to disclose it.

DIRECTV contends that "nothing in the Order discloses ████████████████████ ████████████████  but this is simply not true.  Resp. at 4.  As written, the Order discloses that "Adeia emailed to DirectTV a ████████████████████████████ ████████████" that "████████████████████████████████████████████████ ████████████  and that ████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████  Dkt. 93 at 2.  Relatedly, the Order disclosed that this letter was based on ████████████████████████████████████  *Id.* Collectively, there is no doubt that these provisions disclose that ████████████████████████████████████████ ████████████  Dkt. 93 at 2.  ████████████████████████████████ ████████████████████████████████████████████████████████

In opposing Adeia's request to seal this information, DIRECTV commits additional breaches of its NDA obligations.  Among other things, DIRECTV is barred from using NDA-protected information other than for the Purpose, even if the information is later publicly disclosed so long as it was non-public when shared, unless the public disclosure occurred

**CONFIDENTIAL – PROPOSED TO BE FILED UNDER SEAL**

"through no fault of Recipient or its Affiliates or Representatives." Dkt. 25-002 at Sections 3 and 5. Additionally, DIRECTV is required to seek "maximum confidential treatment available," and to "cooperate with Discloser's efforts to mitigate the effects of any breaches of [the NDA]." *Id.* at Section 3. There is no dispute that the information contained in the Court's Order is NDA-protected. NDA at Section 1 (expressly defining "patent numbers, patent ownership, and patent analysis" as confidential information). Yet believing itself to have a receptive audience for a disclosure that would create strategic advantage, DIRECTV flagrantly shirks these obligations. The Court should not condone this continued lawless conduct by accepting DIRECTV's arguments in opposition.

DIRECTV also opposes sealing by blaming Adeia for its own attempts to try to allow maximum public insight while still protecting its proprietary and trade secret information. For example, DIRECTV contends that the Court's Order reveals no more than Exhibit I, which the Court unsealed. *See* Resp. at 5. Adeia notes that DIRECTV's future reliance on Exhibit I is in breach of the NDA at least because it reveals NDA-protected information and this information is unsealed and public only because DIRECTV breached the NDA in the first place. *See* Dkt. 25-2 (public information only becomes non-confidential if it becomes public through no fault of DIRECTV). But even putting Exhibit I to the side, the Court's Order provides more specific and unique information than is present in Exhibit I: ███████████████████████████ ███████████████████████████████████████████████ ███████████████████████

DIRECTV also contends that Adeia itself elsewhere disclosed similar information in public filings. But nothing in the public filings discloses that ███████████████████ ██████████████████████████████████████████████████

**CONFIDENTIAL – PROPOSED TO BE FILED UNDER SEAL**

████████████████. But even if Adeia's information did reveal information that could create a roadmap to Adeia's secret and proprietary information, that still does not defeat the trade secret status of the information. All such filings were in connection with enforcing the NDA and trade secret rights. Such disclosures cannot result in waiver. *See* 18 U.S.C. § 1835(b) ("The provision of information relating to a trade secret to . . . the court in connection with a prosecution under this chapter shall not constitute a waiver of trade secret protection."). Given that the trade secret status remains, the Court is prohibited from disclosing it. *Id.* 18 U.S.C. § 1835(a).

DIRECTV also suggests that this information is "necessary" for the public to understand the Court's ruling. Resp. at 6. But the Court's substantive ruling is based almost entirely on irreparable harm, and the Court itself said that the descriptions are only "for the purpose of contextualizing" the ruling. Dkt 93 at 2. The public is fully able to understand the Court's irreparable harm ruling and ultimate denial of the injunction without revealing ████████ ████████████ Adeia shared with DIRECTV under NDA.

Ultimately, courts in this District regularly seal information that "*might* disclose trade secrets or confidential information." *Iacovacci v. Brevet Holdings, LLC*, No. 1:18-CV-08048-MKV, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) (emphasis added). Adeia has explained how the Court's Order, as written, might do so. The Court should not countenance DIRECTV's opportunistic attempt to co-opt the Court into disclosing what DIRECTV itself knows it cannot. The Court should seal the portions of the order Adeia requested in its original motion.

**B.      If the Court Does Not Redact Its Order Consistent With Adeia's Request, It Should Stay Its Order Pending Adeia's Interlocutory Appeal.**

As Adeia discussed in its Motion, Adeia has a right to immediate interlocutory appeal of any public disclosure of its trade secret. 18 U.S.C. § 1835(a). If the Court ultimately concludes

4

**CONFIDENTIAL – PROPOSED TO BE FILED UNDER SEAL**

it will disclose any of the information that Adeia requests the Court to redact, the Court should stay that ruling pending appeal.

The four factors to be considered in issuing a stay pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;  (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). Courts treat these factors as a "sliding scale," where "more of one excuses less of the other." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006).  Without a stay, Adeia will clearly be irreparably harmed because the Court will disclose what Adeia contends is confidential and a trade secret.  *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 49 (2d Cir. 1999) (finding irreparable harm because "a trade secret once lost is, of course, lost forever").

Complete destruction of Adeia's trade secrets alone is likely sufficient, even without consideration of the other factors.  *See, e.g.*, *Thapa v. Gonzales*, 460 F.3d 323, 336 (2d Cir. 2006) (granting stay in light of irreparable harm "[e]ven if [applicant's] likelihood of success is not overwhelming").  But in any event, Adeia would have a strong likelihood of success since courts typically seal anything that "*might* disclose trade secrets," *Iacovacci*, 2022 WL 101907, at \*2, and the Court is statutorily required to "enter such orders and take other such other action as may be necessary . . . to preserve the confidentiality of trade secrets."  18 U.S.C. § 1835(a).  Staying a public disclosure does not adversely affect DIRECTV, who is already aware of the non-redacted order.  Moreover, the public interest in reviewing the full order, as compared to Adeia's proposed redacted one, is not significant.  The proposed redactions are a small portion of the overall order and are narrowly drawn to protect its confidential information.  Meanwhile, there is a public

5

**CONFIDENTIAL – PROPOSED TO BE FILED UNDER SEAL**

interest in courts protecting trade secrets subject to litigation—as 18 U.S.C. § 1835(a) itself reveals. There is also a public interest in not allowing litigants like DIRECTV to weaponize Adeia's protected petitioning activity in filing a lawsuit as a means to force the destruction of competitively sensitive information—the very information Adeia filed the lawsuit seeking to protect.

In short, all factors weigh in favor of a stay should the Court reject Adeia's motion to redact.

## II.    CONCLUSION

For the reasons stated above, the Court should redact Docket 93 consistent with Adeia's request.

6

CONFIDENTIAL – PROPOSED TO BE FILED UNDER SEAL

DATED: July 9, 2026                              Respectfully submitted,

                                                 */s/ Bradley W. Caldwell*
                                                 Bradley W. Caldwell
                                                 Texas Bar No. 24040630
                                                 Email: bcaldwell@caldwellcc.com

                                    **ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF COMPLIANCE

I, Bradley W. Caldwell, hereby certify that this memorandum of law complies with the length restrictions in Local Civil Rule 7.1(c) and the Individual Practices in Civil Cases before Judge Analisa Torres.

I further certify that this memorandum of law contains 1,747 words, including any footnotes or endnotes and excluding only those sections of the brief that are exempted under Local Rule 7.1(c) and Your Honor's Individual Practices. In preparing this certificate of compliance, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

                                                 */s/ Bradley W. Caldwell*
                                                 Bradley W. Caldwell