**HIGHLY CONFIDENTIAL – PROPOSED TO BE FILED UNDER SEAL**

ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC 20001

Telephone (202) 783-6040
Facsimile (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

G. Franklin Rothwell (1928-2011)
Harry F. Manbeck, Jr. (1926-2025)

E. Anthony Figg
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Jennifer B. Maisel
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols

Daniel L. Shores
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
Bryan B. Thompson*
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins
Stephanie E. Waltersdorff
Rolando F. Rengifo, Ph.D.
Benjamin H. Fishman
Jotham Koneri
Delon Lier*

*Not a member of the D.C. Bar. Practice limited to patent, trademark and copyright matters and cases in federal courts.

Of Counsel
Alexandra S. Hughes
Hugham Chan

August 24, 2026

***via ECF***

Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Adeia Inc., et al. v. DIRECTV, LLC*, Case No. 1:26-cv-00238-AT-SDA

Dear Judge Torres:

This firm represents Defendant DIRECTV, LLC ("DIRECTV") in the above-captioned matter. DIRECTV submits this pre-motion letter pursuant to Your Honor's Individual Practices, setting forth its basis for its anticipated motion for summary judgment on Plaintiffs' breach of contract claim and trade secrets misappropriation claim under the Defend Trade Secrets Act ("DTSA").

1. **<u>Adeia's Breach of Contract Claim Relies on an Incorrect Interpretation of an Unambiguous Contract, and Summary Judgment Is Warranted</u>**

Under New York law, "[d]etermining whether a contract is ambiguous 'is an issue of law for the courts to decide.'" *Donohue v. Cuomo*, 184 N.E.3d 860, 867 (N.Y. 2022) (quoting *Greenfield v. Philles Recs., Inc.*, 780 N.E.2d 166, 170 (N.Y. 2002)). Unless a court finds the contract ambiguous, the interpretation of that contract is also a question of law for the court. *See Brice v. State Farm Fire & Cas. Co.*, 761 F. Supp. 2d 96, 99-100 (S.D.N.Y. 2010) ("Under New York law, '[t]he proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment.'"). Because there is no dispute here that the key provision of the contract is unambiguous, the determination of its meaning is appropriate to resolve at the summary judgment stage. *See* Ex. A, 56.1 Response ("56.1") ¶ 48.

Adeia's breach of contract claim is based on the Mutual Non-Disclosure Agreement entered by Adeia and DIRECTV on April 10, 2025 ("NDA"). Specifically, Adeia alleges that DIRECTV breached its obligations under Paragraph 6, which precludes the parties from using the other party's Confidential Information "for the purpose of, as the basis for, or in support of" any Legal Action between the parties. DIRECTV's alleged breach was filing a declaratory judgment complaint against Adeia in the Northern District of California ("DJ Complaint") that [redacted] But

DIRECTV did not breach the NDA by filing its DJ Complaint because it did not rely on Adeia's Confidential Information to support its claims as barred by the terms of the NDA.

Adeia's interpretation of the NDA to the contrary is wrong. The parties did not agree to [redacted] *See id.* ¶¶ 36, 37, 40. In Paragraph 6 of the NDA, the parties agreed not to rely on Confidential Information provided under the NDA to support legal claims against each other. For example, a party filing a declaratory judgment action cannot [redacted] as evidence to support the jurisdictional requirements to show injury-in-fact. Likewise, Adeia could not cite Confidential Information provided by DIRECTV to support its infringement pleadings in a patent infringement complaint. The intent of the parties to allow the filing of legal actions but to limit the use of the other party's disclosure of Confidential Information for the purpose of supporting those actions is unambiguous.

Adeia does not—and cannot—allege that DIRECTV relied on Adeia's confidential [redacted] as evidence to support its DJ Complaint allegations. Instead, Adeia asserts that DIRECTV breached the NDA because the DJ Complaint was drafted *with knowledge of* Adeia's [redacted]. Adeia's reading of this provision is overly broad and inconsistent with the contract read as a whole. In the same Paragraph 6, the parties also agreed not to "use the disclosure during the Disclosure Period of the Confidential Information for the purpose of, as the basis for, or in support of any allegation in any litigation or other court or administrative proceeding to claim that the other party was on notice for purposes of knowledge, damages, or willful patent infringement with respect to Confidential Information." Thus, the parties agreed that they would not use the other's information for two specific purposes: to support allegations made in bringing a legal action against the other party and to support an allegation of notice against the other. If the first provision swept as broadly as Adeia asserts to cover simply knowledge or understanding of the Confidential Information, the second would be superfluous. Moreover, DIRECTV's interpretation of the contractual language ("for the purpose of, as the basis for, or in support of") is confirmed by the application of the long-established doctrine of *noscitur a socii*, which requires that this group of terms be construed consistently. *See HK Kolmar USA, LLC v. Wormser Corp.*, 813 F. Supp. 3d 430, 447 (S.D.N.Y. 2025) (applying *noscitur a socii* to interpret broad terms in contract); *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995) (the doctrine "avoid[s] ascribing to one word a meaning so broad that it is inconsistent with its accompanying words[.]"). Therefore, the unambiguous meaning of the contract is that Paragraph 6 limits a party's reliance on Confidential Information as evidence to support a Legal Action, not the bringing of a Legal Action with mere knowledge or understanding of Confidential Information.

Adeia admits that the NDA does not bar DIRECTV from instituting a declaratory judgment action. *See* 56.1 ¶¶36-37, 40. Because DIRECTV abided by the provisions of the NDA by not relying upon any Adeia Confidential Information in its DJ Complaint, summary judgment dismissing Adeia's breach of contract claim is warranted here. *See id.* ¶¶ 58-65.

**2. <u>Discovery has Confirmed that There Is No Genuine Issue of Material Fact Regarding Adeia's DTSA Claim, and Summary Judgment Is Warranted</u>**

"[S]ummary judgment may be appropriate where it is clear that the information at issue is not actually secret or there is no discernible economic value from that information not being generally known." *Hayden v. Int'l Bus. Machines Corp.*, No. 21-cv-2485-VB, 2025 WL 1697021, at *11 (S.D.N.Y. June 17, 2025). "To survive summary judgment, a plaintiff ... must provide credible

evidence that the trade secret exists and is ascertainable." *Id.* The "'plaintiff must describe the secrets with greater precision' and offer more than 'vague and indefinite illustrations.'" *Id.* at *16.

**a. Adeia's Alleged Trade Secrets Are Not Secret**

Adeia's alleged trade secrets are derived entirely from publicly available information. It is undisputed that Adeia's [redacted] are publicly available, and [redacted] is likewise publicly available. *See* 56.1 ¶¶ 69-72.

Furthermore, Adeia has licensed approximately 95% of the U.S. pay-TV market (*id.* ¶ 108)—the market in which DIRECTV operates—[redacted]. *See id.* ¶ 106 ([redacted]); ¶ 107 [redacted]; ¶ 115 [redacted]. Adeia will even [redacted]. *Id.* ¶¶ 112-114 ([redacted]).

The overlap in information [redacted], confirms that Adeia's alleged trade secrets are not unique to DIRECTV but [redacted]. *See Big Vision Priv. Ltd. v. E.I. DuPont De Nemours & Co.*, 1 F. Supp. 3d 224, 267 (S.D.N.Y. 2014) (granting summary judgment where alleged trade secret "was disclosed to over 16 different third parties"), *aff'd*, 610 F. App'x 69 (2d Cir. 2015). To the extent [redacted], a "plaintiff asserting a combination trade secret must demonstrate that the way in which the publicly-available components fit together is unique and not publicly-known." *Id.* at 271. Adeia cannot do so—its corporate witness [redacted]. 56.1 ¶ 126. Adeia did not even create [redacted]. It [redacted] (*id.* ¶ 129), underscoring that this is routine legal work that is "readily ascertainable through proper means."

Adeia compounds this failure by asserting attorney-client privilege over the information needed to show that it transformed public information into a trade secret, including [redacted]. *Id.* ¶¶ 118–123. Without such evidence, Adeia is left relying on its expenditure of "significant resources in the form of time and money"—[redacted] (*id.* ¶¶ 128-130)—which is insufficient for compilations of public information. *See Stone Point Advisory, LLC v. S&P Glob. Mkt. Intel., Inc.*, No. 25-CV-773 (RA), 2026 WL 866848, at *6-7 (S.D.N.Y. Mar. 30, 2026) (allegations that information was "difficult or arduous to assemble" do not establish trade secret status for public-data compilations).

Adeia also cannot define its trade secrets with the precision required at summary judgment. In the Complaint, Adeia identified its trade secrets as "[redacted]." ECF 1 ¶ 46. Its interrogatory responses expanded to identify [redacted] (56.1 ¶ 116), which Adeia has now broadened even further, asserting here that [redacted]

[redacted].” *Id.* This expansion is fatal. At summary judgment, the trade secrets must be described with *greater* precision, and a plaintiff who “equivocates in nearly every respect” faces dismissal. *See Hayden*, 2025 WL 1697021, at *12, *16; *see also Medidata Sol., Inc. v. Veeva Sys., Inc.*, No. 17-cv-589-LGS, 2021 WL 467110, at *3 (S.D.N.Y. Feb. 9, 2021) (summary judgment is warranted where the trade secret description is too “vague and ambiguous”).

**b. The Alleged Trade Secrets Lack Independent Economic Value (“IEV”)**

Adeia’s four IEV theories also fail because Adeia cannot demonstrate that its trade secrets are independently valuable and that this value derives from maintaining their secrecy. *See Zirvi v. Flatley*, 433 F. Supp. 3d 448, 465 (S.D.N.Y.), *aff’d*, 838 F. App’x 582 (2d Cir. 2020). *First*, the “[redacted]” theory is baseless: it is undisputed that DIRECTV could have filed a declaratory judgment action without Adeia’s information. 56.1 ¶ 40 (Adeia concedes DIRECTV “‘could have’ filed a DJ at any time”). *Second*, the “[redacted]” theory requires disclosure that never occurred—the DJ Complaint does not reference [redacted]. *Id.* ¶¶ 60-65, 74-75 (At most, Adeia asserts that the *Amended* DJ Complaint [redacted], but the cited paragraphs make no such representation and the Amended DJ Complaint only quotes from what Adeia itself chose to disclose publicly). *Third*, the “[redacted]” theory fails because Adeia has admitted that adjudication of the DJ action patents “would not constrain Adeia’s ability to impose portfolio-wide licensing pressure,” *id.* ¶ 139, and Adeia’s corporate witness for the Complaint’s IEV allegations [redacted]. *Id.* ¶ 87. *Fourth*, Adeia has no evidence that an entity [redacted]. *Id.* ¶¶ 136-137.

**c. Filing a Declaratory Judgment Action Is Not Misappropriation**

There is also no evidence of misappropriation. The DJ Complaint does not include or reference Adeia’s [redacted]. *Id.* ¶¶ 60-65, 74-75. Adeia’s misappropriation theory rests entirely on DIRECTV’s alleged improper use of its information in violation of the NDA. However, as explained above, DIRECTV did not breach the unambiguous language of the NDA, and thus there is no improper use. Adeia’s attempt to conflate lawful possession of its information with DTSA improper use fails as a matter of law because “mere possession of trade secrets does not suffice to plausibly allege disclosure or use,” particularly where there has been no improper acquisition. *Packaging Corp. of Am., Inc. v. Croner*, 419 F. Supp. 3d 1059, 1066 (N.D. Ill. 2020); *TransPerfect Glob., Inc. v. Lionbridge Techs., Inc.*, No. 22-1348, 2024 WL 177726, at *2-3 (2d Cir. Jan. 17, 2024) (affirming summary judgment where plaintiff relied on “speculative inferences” of use that “cannot carry” the claim).

**d. The Alleged Trade Secrets Are Not Related to a Product or Service in Interstate Commerce**

The DTSA also requires that the trade secret be “related to a product or service used in, or intended for use in, interstate or foreign commerce.” 18 U.S.C. § 1836(b)(1). As a patent assertion entity, Adeia fails to satisfy this statutory requirement. Adeia does not offer its own products for sale. *See* 56.1 ¶¶ 11, 13-16. It has “one reportable segment: IP Licensing” that derives revenue, and to the extent Adeia now claims it may provide access to technology and know-how, it has produced no evidence of technology and know-how transfers beyond its patent licensing. *Id.*

Respectfully submitted,

Sharon L. Davis (*pro hac vice*)

cc: Counsel of record (via ECF)