[redacted]

CALDWELL
CASSADY
CURRY

Brad W. Caldwell
2121 N. Pearl Street, Suite 1200
Dallas, Texas 75201
bcaldwell@caldwellcc.com
Phone: 214.888.4840
Facsimile: 214.888.4849

August 31, 2026

**VIA ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Adeia Inc. v. DIRECTV, LLC*, No. 1:26-cv-00238-AT

Dear Judge Torres:

Adeia submits this letter in response to DIRECTV's pre-motion letter (DTV Ltr.). The Court should deny leave because DIRECTV's proposed summary judgment motion would be futile.

## I. DIRECTV'S BREACH OF CONTRACT MOTION WOULD BE FUTILE.

### A. Factual Background Regarding Adeia's NDA-Breach Claim.

The parties agreed to use "Confidential Information only for the Purpose," and DIRECTV concedes that filing a declaratory judgment action is not within the NDA's Purpose. DTV Ltr., Ex. A, 56.1 ("56.1") ¶ 39, Response. The parties further agreed not to "use the Confidential Information for the purpose of, as the basis for, or in support of, any . . . declaratory judgment action." *Id.* Confidential Information is broadly defined to be "*any* information disclosed or made available . . . in furtherance of the Purpose," including "information relevant to patents" and "patent analysis." *Id.* ¶ 41. Adeia shared [redacted] only after an NDA was in place. 56.1 ¶ 49; Ex. 1 ("Add'l Facts") ¶ 1.

The record independently establishes, at minimum, other facts material to DIRECTV's breach: (i) DIRECTV's declaratory judgment action [redacted], *id.* ¶ 5; (ii) DIRECTV [redacted] *id.* ¶ 6; and (iii) [redacted] *id.* Without using Adeia's confidential information, [redacted]. *Id.* Moreover, in trying to salvage jurisdiction after the California Court dismissed its first declaratory judgment ("DJ") complaint, DIRECTV has expressly contended that "Adeia took the affirmative step of providing its patent analysis to DIRECTV as part of the parties' licensing negotiations" and that "the only plausible conclusion is that Adeia's 'confidential analysis'

[redacted]

included detailed allegations of infringement with respect to the specific Patents-in-Suit." *Id.* ¶¶ 8, 10–11. [redacted] *See id.* ¶¶ 8, 10–11, 15.

**B. DIRECTV's Letter Ignores Adeia's Independent Section 3 Breach Claim.**

DIRECTV leads with a claim Adeia does not make: Adeia has never contended that the parties agreed to forego legal action. Rather, Adeia contends that DIRECTV promised not to use Adeia's Confidential Information to pursue one—which is what DIRECTV did. Moreover, DIRECTV's letter addresses only Section 6, saying nothing about Adeia's independent claim that DIRECTV breached Section 3. Adeia alleged a breach of Section 3, which prohibits use of Confidential Information for reasons other than the Purpose. DIRECTV makes no argument that "use" has a special meaning, and the ordinary meaning is broad: "to employ for the accomplishment of a purpose" or "to avail oneself of." "USE," Black's Law Dictionary (12th ed. 2024). DIRECTV admits that filing a declaratory judgment lawsuit is not within the Purpose. Add'l Facts ¶ 2. DIRECTV does not even attempt to establish as a matter of law that its use fell within an exception to Confidential Information. Thus, regardless of the interpretation given to Section 6, the facts detailed above raise an issue of material fact regarding DIRECTV's breach of Section 3.

**C. There Is a Fact Issue Under Section 6 Even Under DIRECTV's Reading.**

There is also at least a fact issue as to breach even under DIRECTV's reading of Section 6. DIRECTV has argued in the DJ action that "Adeia . . . sent DIRECTV its infringement analysis addressing the selected, ten Patents-in-Suit." Add'l Facts ¶¶ 9–11. [redacted] DTV Ltr. at 2. Even in the original Complaint, DIRECTV alleged "on information and belief," that Adeia "will contend" that DIRECTV would infringe the identified patents. [redacted] 56.1 ¶¶ 58–59, Responses; Add'l Facts ¶ 6. Because a fact issue exists even under DIRECTV's unduly narrow reading of the contract, the Court can deny leave on this ground as well.

**D. There Are Further Fact Issues Under the Correct Construction of the NDA.**

DIRECTV's motion is also futile because its NDA interpretation is incorrect. No Confidential Information exception applies to Section 6. NDA ¶ 5 ("Other than as expressly set forth in Section 6 . . . ."). Section 6 makes explicit that one prohibited use is one in which a party "use[s] the Confidential Information for the purpose of, as the basis for, or in support of, any . . . declaratory judgment action." DIRECTV does not argue that any of these words carry anything but their ordinary meaning. Purpose means "an objective, goal, or end," PURPOSE, Black's Law Dictionary (12th ed. 2024), so a "use" for the "objective, goal, or end" of a Legal Action falls within the plain text of the prohibition (that is, where the goal was to file a lawsuit challenging Adeia's patents). Similarly, the ordinary meaning of "basis" includes "starting point" or "an underlying fact or condition." BASIS, Black's Law Dictionary (12th ed. 2024). Thus, a use "as the basis for . . . a declaratory judgment action" can include a use of Confidential Information as a starting point for the complaint. For example, an individual is liable for trading "on the basis of" insider information when they have "knowing possession" of that information, without regard to

[redacted]

disclosure or use as "evidence." *See S.E.C. v. Lyon*, 605 F. Supp. 2d 531, 547 (S.D.N.Y. 2009). And *Noscitur a sociis* is no help: that canon cannot be used to entirely excise "for the purpose of" and "as the basis for" from the contract by collapsing them into "in support of." This is a full rewrite of the provision, not an interpretation of the words actually agreed upon.

Other provisions in Section 6 do not change the meaning of these phrases. The second sentence is not superfluous, and it means something different—not because "for the purpose of, as the basis for, or in support of" carries a meaning narrower than the ordinary scope, but because those words attach and modify different clauses and acts. This second sentence is focused on a different act (disclosure versus "use") with a different goal (an allegation of knowledge versus a Legal Action). The third sentence confirms the point: even Confidential Information produced in discovery cannot be used, based on its disclosure during the disclosure period, to show notice.

## II. DIRECTV'S CONTEMPLATED DTSA MOTION WOULD BE FUTILE.

DIRECTV's letter likewise fails to show a lack of material fact issues on Adeia's DTSA claim.

As an initial matter, DIRECTV's letter takes an unduly narrow view of Adeia's trade secret allegations. Adeia concretely identified its trade secrets as [redacted] *See, e.g.,* Adeia's Responses to DIRECTV's Second Set of Interrogatories (Nos. 14–20), Response to Interrogatory No. 14, dated Aug. 28, 2026, First Supplemental Response to Interrogatory No. 7, at 30. Adeia has offered evidence that DIRECTV has misappropriated each of these categories, either through its original DJ complaint or its amended DJ complaint. Add'l Facts ¶¶ 4–6, 9–11. DIRECTV cannot receive summary judgment unless it proves that *none* of these categories are protectable. DIRECTV's letter fails to do so.

### A. DIRECTV Fails to Prove as a Matter of Law that Adeia's Information Fails to Qualify for Trade Secret Status.

DIRECTV nowhere identifies any evidence in which [redacted]—or [redacted]—was "publicly available." DIRECTV instead urges improper summary judgment fact-finding—suggesting that Adeia's [redacted] somehow precludes trade secret status of [redacted] (shared with [redacted] DIRECTV, and only under NDA). *Id.* ¶¶ 12, 15. DIRECTV also points out that [redacted] Indeed, [redacted]—and confidential disclosure under NDA preserves secrecy. [redacted] *Id.* ¶ 17. The argument is also based on a false premise that the trade secret is [redacted]. The trade secret information DIRECTV used [redacted] DIRECTV's privilege complaint also

[redacted]

rings hollow: [redacted] DIRECTV simply asked no follow-up questions. 56.1 ¶¶ 118–120, 123, 128. Moreover, the existence of independent economic value is apparent from the materials themselves without regard to financial expenditures as [redacted] takes significant time and resources regardless of the starting point. Add'l Facts ¶ 14.

Nor are Adeia's trade secret descriptions vague. They are much more concrete than descriptions courts have held sufficient. *Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 423 (S.D.N.Y. 2021) ("Courts . . . often allow trade secret claims that are broad so long as they provide sufficient detail that the defendant can identify the trade secret(s)."). DIRECTV may dislike the identification because Adeia's concrete secrets debunk DIRECTV's argument for public availability. But that is not vagueness, and it is not a basis for summary judgment.

**B. DIRECTV Fails to Prove as a Matter of Law that Adeia's Information Has No Independent Economic Value ("IEV").**

DIRECTV's motion regarding IEV is also futile. As before, D.I. 112 at 12, DIRECTV conflates IEV with misappropriation or damages. Information may derive IEV differently from how the defendant misappropriated it. DIRECTV also contends that a trade secret owner must have evidence that someone has destroyed the IEV before the IEV can exist. *See* DTV Ltr. at 4 (arguing [redacted]). But Coca-Cola need not show that someone stole the Coke formula to show its formula has economic value from being secret. And Adeia also *has* offered evidence that DIRECTV's DJ action has harmed Adeia's licensing interest. Add'l Facts ¶ 16. Adeia's information has IEV in the form of [redacted] *Id.* ¶ 13. [redacted] *Id.* ¶ 14.

DIRECTV's argument that it "could have filed a declaratory judgment action without Adeia's information," DTV Ltr. at 4, is also misdirection. Even if DIRECTV could have filed a different, hypothetical lawsuit, Adeia's trade secret information [redacted] Add'l Facts ¶¶ 7–8, 14. Indeed, [redacted], DIRECTV's complaint was initially dismissed, only to be re-pleaded [redacted]. *Id.* ¶ 8–11.

**C. DIRECTV's Remaining Arguments Do Not Justify Leave to File.**

DIRECTV's remaining grounds—no misappropriation and no interstate commerce—fare no better. DIRECTV characterizes Adeia's misappropriation theory as "mere possession." But Adeia's evidence establishes that DIRECTV *used* the trade secrets—not merely possessed them. It is also undisputed that the trade secrets relate [redacted] which are used in interstate commerce. *Id.* ¶¶ 18–19.

[redacted]

Respectfully submitted,

/s/ *Brad W. Caldwell*
Brad W. Caldwell

cc: Counsel of record (via ECF)