**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Adeia Inc., et al.,**

**Plaintiffs,**

**-against-**

**DirecTV, LLC,**

**Defendant.**

**1:26-cv-00238 (AT) (SDA)**

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court are numerous motions to seal filed by Plaintiffs Adeia Inc., Adeia Media Holdings Inc., Adeia Media LLC, Adeia Guides Inc., Adeia Technologies Inc. and Adeia Media Solutions Inc. (collectively, "Adeia" or "Plaintiffs") and Defendant DirecTV, LLC ("DirecTV" or "Defendant"). (Def.'s 3/27/26 Ltr. Mot., ECF No. 56; Pl.'s 4/3/26 Ltr. Mot., ECF No. 60; Def.'s 6/4/26 Ltr. Mot., ECF No. 73; Def.'s 6/9/26 Ltr. Mot., ECF No. 79; Pl.'s 6/9/26 Ltr. Mot., ECF No. 83; Pl.'s 7/7/26 Ltr. Mot., ECF No. 94; Def.'s 7/8/26 Ltr. Mot., ECF No. 99; Pl.'s 7/9/26 Ltr. Mot., ECF No. 105; Pl.'s 7/16/26 Ltr. Mot., ECF No. 111; Def.'s 7/30/26 Ltr. Mot., ECF No. 114; Pl.'s 8/10/26 Ltr. Mot., ECF No. 119; Def.'s 8/17/26 Ltr. Mot., ECF No. 126; Def.'s 8/24/26 Ltr. Mot., ECF No. 134; Pl.'s 8/31/26 Ltr. Mot., ECF No. 140; Def.'s 9/18/26 Ltr. Mot., ECF No. 148; Pl.'s 9/18/26 Ltr. Mot., ECF No. 152; Pl.'s 9/18/26 Ltr. Mot., ECF No. 153; Pl.'s 9/23/26 Ltr. Mot., ECF No. 158.) For the reasons set forth below, the Letter Motions filed at ECF Nos. 148 and 158 are GRANTED, the Letter Motions filed at ECF Nos. 152 and 153 are GRANTED IN PART and DENIED IN PART and the Letter Motions filed at ECF Nos. 56, 60, 73, 79, 83, 94, 99, 105, 111, 114, 119, 126, 134 and 140 are DENIED AS MOOT.

**BACKGROUND**

On December 29, 2025, DirecTV filed a declaratory judgment action (the "DJ Action") in the Northern District of California seeking declarations of non-infringement and/or invalidity for 10 patents owned by Adeia. (*See DirecTV LLC v. Adeia, Inc.*, No. 3:25-cv-11048 (N.D. Cal.) ECF No. 1, ¶ 1.) On January 12, 2026, Adeia commenced this action against DirecTV, a former licensee of Adeia, asserting claims for breach of contract and misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"). (*See* Compl., ECF No. 1, ¶¶ 20, 45-76.) Adeia alleges that DirecTV breached the terms of a non-disclosure agreement ("NDA")[1] and misappropriated Adeia's trade secrets by filing the DJ action. (*See id*. ¶ 24.)

On January 16, 2026, Adeia filed a motion for a preliminary injunction seeking to enjoin DirecTV from prosecuting the DJ Action. (*See* Pl.'s 1/16/26 Mem., ECF No. 22.) On February 10, 2026, DirecTV filed its opposition memorandum (Def.'s 2/10/26 Mem., ECF No. 35), and on February 23, 2026, Adeia filed its reply memorandum. (Pl.'s 2/23/26 Reply, ECF No. 47.) The parties also filed at ECF Nos. 24, 34, 43 and 46 motions to seal their memoranda and certain supporting exhibits with respect to Adeia's preliminary injunction motion.

On July 2, 2026, District Judge Torres denied Adeia's motion for a preliminary injunction. (*See* 7/2/26 Order, ECF No. 93.) In her July 2 Order, Judge Torres granted in part and denied in part the parties' motion to seal. (*See id*. at 7-9.) Judge Torres held that "to the extent that the documents [did], in fact, provide detailed insight into Adeia's licensing practices, . . . such as research and development information, marketing plans, revenue information, pricing

[1] The NDA, which is dated April 10, 2025, was executed by the parties when they were negotiating the terms of DirecTV's potential renewal of its Adeia licenses. (*See* Compl. ¶¶ 22-23.)

information, and the like, sealing is justified." (*Id*. at 7 (cleaned up).) Accordingly, Judge Torres maintained under seal, "as sensitive business information[,]" the following documents: an email chain containing a series of licensing renewal discussions between Adeia and DirecTV;[2] a PowerPoint presentation and claim charts; and DirecTV's September 17, 2025, letter to Adeia regarding certain Adeia patents. (*Id*. at 7-9.) However, Judge Torres declined to seal the NDA, letters between the parties regarding the DJ Action and certain portions of the parties' legal memoranda. (*See id*.)

On August 13, 2026, this case was referred to the undersigned for general pretrial purposes. (*See* 8/13/26 Order of Reference, ECF No. 123.) In addition, the motions to seal filed at ECF Nos. 56, 60, 73, 79, 83, 94, 99, 105, 111, 114, 119 (which requested sealing of all or portions of (1) the July 2 Order; (2) documents filed in connection with Defendant's dismissal motion; and (3) documents relating to discovery disputes) were referred to the undersigned. (*See id*.) After the referral Order was entered additional motions to seal were filed by the parties in August 2026 at ECF Nos. 126, 134 and 140.

On August 26, 2026, the undersigned entered a Text Only Order stating:

> The Court has before it various motions to seal filed by the parties at ECF Nos. 56, 60, 73, 79, 83, 94, 105, 111, 114, 119 and 126. Based upon the Court's initial review of the motions, it appears that certain of the redactions reflect information that is a matter of public record and certain of the redactions are impacted by the analysis contained in the July 2, 2026 Order of District Judge Torres unsealing certain documents and information. (ECF No. 93.) Moreover, the Court notes that the aforesaid July 2 Order that Plaintiffs seek to redact (see ECF No. 105) is publicly available on the Lexis database, see Adeia Inc. v. DirecTV, LLC, 2026 U.S. Dist. LEXIS

[2] Judge Torres also stated with respect to the subject email chain that, "because the email chain also reveals the scope of the efforts the parties undertook to negotiate the NDA, the Court may reconsider the need for sealing certain portions of this document at a later stage in the litigation, if the negotiations regarding the NDA itself become relevant and the public's interest in this information outweighs countervailing interests." (7/2/26 Order at 7.)

> 147585, and appears to have been available at an earlier period of time on the Westlaw database at 2026 WL 1910289. That publicly available document discloses some of the information that the parties seek to redact in other documents. In light of the foregoing, no later than September 11, 2026, each of Plaintiffs and Defendant shall carefully review each of the redactions proposed in the pending motions to seal and file a letter modifying or withdrawing, as appropriate, their motions to seal.

(8/26/26 Order, ECF No. 138.) The deadline to modify or withdraw the motions to seal later was extended to September 18, 2026. (*See* 9/3/26 Order, ECF No. 143, ¶ 1.)

On September 18, 2026, Adeia filed a Letter Motion containing 18 exhibits that were filed under seal, which used color coding to reflect its updated redactions to all previous filings. (*See* Pl.'s 9/18/26 Ltr. Mot. & Ex. A to R (ECF Nos. 153-1 to 153-18).) On the same day, DirecTV filed a response, arguing against Adeia's reasoning for requesting that certain redactions remain in place. (*See* Def.'s 9/18/26 Ltr., ECF No. 149.) On September 23, 2026, Adeia filed a response, further explaining its reasoning. (*See* Pl.'s 9/23/26 Response in Supp. Of Mot., ECF No. 159.)

## LEGAL STANDARDS

The Legal Standards applicable here were set forth by Judge Torres in her July 2, 2026 Order:

> With respect to sealing filings, the public enjoys a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This presumption of public access "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo ("Amodeo II")*, 71 F.3d 1044, 1048 (2d Cir. 1995)). When a party moves to seal documents, it "bears the burden of showing that higher values overcome the presumption of public access." *Samsung Elecs. Co., Ltd. v. Microchip Tech. Inc.*, No. 24 Misc. 269, 2024 WL 4169353, at *2 (S.D.N.Y. Sept. 12, 2024) (quoting *Kewazinga Corp. v. Google LLC*, No. 20 Civ. 1106, 2024 WL 3442428, at *1 (S.D.N.Y. July 17, 2024)).

> Courts conduct a three-step analysis when evaluating a sealing request. First, a court determines whether the relevant material constitutes a "judicial document," *i.e.*, a document that is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo ("Amodeo I")*, 44 F.3d 141, 145 (2d Cir. 1995)). The relevance of a document does not depend on "which way the court ultimately rules or whether the document ultimately in fact influences the court's decision," but rather on whether the document "would reasonably have the *tendency* to influence a district court's ruling on a motion." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original).
>
> If material constitutes a "judicial document," the "common law presumption of access attaches," and a court must evaluate the "weight of that presumption." *Lugosch*, 435 F.3d at 119. "[T]he presumption of public access is at its highest when the material is relevant to a court's decision on a dispositive motion." *SEC v. Ripple Labs, Inc.*, No. 20 Civ. 10832, 2022 WL 329211, at *1 (S.D.N.Y. Feb. 3, 2022). The presumption is "weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022) (quoting *Amodeo II*, 71 F.3d at 1050).
>
> Under the common law framework, a court must balance the weight of the presumption against "competing considerations," including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *Amodeo II*, 71 F.3d at 1050). Such privacy interests may include protecting against the disclosure of "sensitive, confidential, or proprietary business information," *Ripple*, 2022 WL 329211, at *1, or of private settlement communications, *see Liu v. Nielsen Co. (US) LLC*, No. 22 Civ. 9084, 2023 WL 3750116, at *2 (S.D.N.Y. June 1, 2023). "[B]argained-for confidentiality" through vehicles like protective orders will not, however, overcome the presumption of public access. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018).
>
> There is also a First Amendment right of access to documents filed in connection with the Court's consideration of a pretrial motion. *See Lugosch*, 435 F.3d at 121, 126. Where the First Amendment right of access attaches, sealing "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124.

(7/2/26 Order at 4-5.)

## DISCUSSION

The Court first considers the proposed redactions to the July 2, 2026 Order and then considers the remaining documents.

## I. July 2, 2026 Order

Adeia filed under seal as Exhibit J to its September 18, 2026 Letter Motion (at ECF No. 153-10)[3] proposed redactions to Judge Torres' July 2, 2026 Order. Before the Court considers the proposed redactions, the Court must determine whether any portion of the July 2, 2026 Order should remain under seal given the fact that it was publicly available on the Lexis and Westlaw platforms for a period of time. (*See* 8/26/26 Order.)

### A. Whether Any Portion of July 2, 2026 Order May Remain Under Seal

During the September 3, 2026 telephone conference, the undersigned instructed the parties to review the Second Circuit's decision in *Gambale v. Deutsche Bank*, 377 F.3d 133 (2d Cir. 2004), prior to making their submissions regarding the continued sealing of the May 2, 2026 Order. (*See* 9/3/26 Tr., ECF No. 155, at 4-5.) In *Gambale*, the Second Circuit remarked with respect to the district court's improper disclosure of the amount of a settlement:

> [W]e think that it was a serious abuse of discretion for the district court to refer to the magnitude of the settlement amount—theretofore confidential—in the Unsealing Order. But however confidential it may have been beforehand, subsequent to publication it was confidential no longer. It now resides on the highly accessible databases of Westlaw and Lexis and has apparently been disseminated prominently elsewhere.[4] We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public

[3] Plaintiff's Letter Motion filed at ECF No. 152 also relates to the same exhibit.

[4] The Second Circuit noted in a footnote that the dissemination was in an article in the *New York Times*. *See Gambale*, 377 F.3d at 144 n.10.

> private again. . . . The genie is out of the bottle, albeit because of what we consider to be the district court's error. We have not the means to put the genie back.

*Gambale*, 377 F.3d at 144 (footnotes & citation omitted).

In its September 18, 2026 Letter Motion, Adeia called the Court's attention to the Second Circuit's decision in *Pullman v. Alpha Media Publishing, Inc.*, 624 F. App'x 774 (2d Cir. 2015). (*See* Pl.'s 9/18/26 Mot. at 3-4.) In *Pullman*, the Second Circuit affirmed a district court's Order sealing the amount of a settlement notwithstanding the fact that such amount was disclosed in a court transcript that was made publicly available on an online message forum. *See id*. at 779. The Circuit distinguished *Gambale*, stating that, in *Gambale*, the "court order [was] available on highly accessible databases, and in the national media." *Id*. (internal quotation marks & citation omitted).

The Court is persuaded that the present case is more analogous to *Pullman* than *Gambale*. Here, through diligent efforts, Adeia arranged to have the July 2, 2026 Order removed from the Lexis and Westlaw databases. (*See* 9/3/26 Tr. at 7-9; *see also* Pl.'s 9/18/26 Mot. at 2-3.) More importantly, there was no disclosure of the July 2, 2026 Order in any national media. Accordingly, the Court finds that the publication of the July 2, 2026 Order for periods of time on Lexis and Westlaw does not preclude the sealing of portions of that Order, as requested by Adeia.

**B. <u>Proposed Redactions</u>**

The Court has reviewed the redactions to the July 2, 2026 Order that are proposed by Adeia and finds that they are overbroad. "[I]t is axiomatic that a court's orders and written opinions are 'judicial documents' to which the presumption of access applies." *Moroughan v. Cnty. of Suffolk*, No. 12-CV-00512 (JFB) (AKT), 2021 WL 280053, at *2 (E.D.N.Y. Jan. 24, 2021); *see also Hardy v. Equitable Life Assurance Soc'y of U.S.*, 697 F. App'x 723, 725 (2d Cir. 2017) (noting

"long tradition of public access to court orders"); *Huawei Techs. Co. v. PanOptis Pat. Mgmt., LLC*, No. 24-CV-04708 (AKH), 2026 WL 370287, at *1 (S.D.N.Y. Feb. 10, 2026) (noting right of access "clear[ly]" applies to orders and written opinions). The weight of the presumption applied to judicial opinions is "extremely strong." *Huawei Techs. Co*., 2026 WL 370287, at *1. Indeed, the presumption of public access is "at its zenith for the Court's reasoning and all that is considered (and relied upon) by the Court in reaching its decision on the litigants' substantive legal rights." *Id*. (quotation marks omitted).

In balancing the public interest in access and the competing considerations of protecting Adeia against the disclosure of sensitive business information, the Court finds the proposed redactions contained on PDF pages 4, 5 and 10 of ECF No. 153-10 to be appropriate. However, the Court finds that the proposed redactions to PDF pages 11 and 13 of that same document to be improper. Even assuming, *arguendo*, that Adeia's sensitive business information is disclosed on pages 11 and 14, which is questionable, the public's interest in understanding the reasoning for Judge Torres' denial of the preliminary injunction motion outweighs Adeia's interest in keeping that information confidential. Accordingly, the redactions on pages 11 and 13 of ECF No. 153-10 shall be removed when the July 2, 2026 Order is publicly filed.

## II. <u>Proposed Redactions To Remaining Documents Refiled As Exhibits To Adeia's September 18, 2026 Letter Motion</u>

Exhibits A to I and K to P of Adeia's September 18, 2026 Letter Motion to seal (filed at ECF No. 153)[5] reflect Adeia's updates to the redactions to its previously filed Letter Motions to seal. According to Adeia, "[o]range or green highlighting in the exhibits indicates redactions that Adeia

[5] Plaintiff's Letter Motion filed at ECF No. 152 also relates to the same exhibits.

proposes to remove—i.e., material that Adeia no longer seeks to have filed under seal." (Pl.'s 9/18/26 Ltr. Mot. at 1.) Redactions highlighted in yellow or blue reflect redactions that Adeia contends should remain in place.[6] (*See id*.) The Court considers each of the exhibits in turn.

### A. Exhibit A (ECF No. 153-1)

This document is Defendant's memorandum in opposition to Plaintiff's motion for a preliminary injunction. The Court notes that Plaintiff has proposed removing a number of its redactions (reflected in orange highlighting). The Court finds that the remaining proposed redactions (reflected in yellow highlighting) are appropriate and narrowly tailored to protect Adeia's sensitive business information, except in one respect. The redactions on PDF page 22 of ECF No. 153-1 shall be removed since the information that is proposed to be redacted is disclosed in the portion of the July 2, 2026 Order that the Court has found must be publicly filed. (*See* Discussion Section I.B., *supra*).

### B. Exhibit B (ECF No. 153-2)

This document is a Declaration from DirecTV, dated February 10, 2026. The Court finds that the proposed redactions are proper, except in one respect. In paragraph 7 of the Declaration, the following words at the beginning shall be unredacted: "In April 2025, the parties entered a Non-Disclosure Agreement ("NDA")[.]" The fact of the NDA and its date are a matter of public record. (*See* Compl. ¶ 23.)

---

[6] Adeia also had inserted black boxes to reflect redactions that would have needed to be removed if the Court had found that no portion of the July 2, 2026 Order could be maintained under seal. (*See* Pl.'s 9/18/26 Mot. at 5.) Given the Court's finding that portions of the July 2, 2026 Order may remain under seal, the black boxes no longer are relevant.

**C. <u>Exhibit C (ECF No. 153-3)</u>**

This is DirecTV's pre-motion to dismiss letter, dated March 27, 2026. The Court notes that Plaintiff has proposed removing a number of its redactions (reflected in orange highlighting). The Court finds that the remaining proposed redactions (reflected in yellow highlighting) are appropriate and narrowly tailored to protect Adeia's sensitive business information.

**D. <u>Exhibit D (ECF No. 153-4)</u>**

This is Adeia's letter, dated April 3, 2026, in response to DirecTV's pre-motion to dismiss letter. The Court notes that Plaintiff has proposed removing a number of its redactions (reflected in green highlighting). The Court finds that the remaining proposed redactions (reflected in blue highlighting) are appropriate and narrowly tailored to protect Adeia's sensitive business information.

**E. <u>Exhibit E (ECF No. 153-5)</u>**

This is DirecTV's memorandum in support of its motion to dismiss the DTSA claim. The Court notes that Plaintiff has proposed removing a number of its redactions (reflected in orange highlighting). The Court finds that the remaining proposed redactions (reflected in yellow highlighting) are appropriate and narrowly tailored to protect Adeia's sensitive business information.

**F. <u>Exhibit F (ECF No. 153-6)</u>**

This is a letter from Plaintiff's counsel, dated June 9, 2026, regarding a discovery dispute. The Court finds that the proposed redactions (reflected in yellow highlighting) are appropriate and narrowly tailored to protect Adeia's sensitive business information.

**G. <u>Exhibit G (ECF No. 153-7)</u>**

This is another letter from Plaintiff's counsel, dated June 9, 2026, regarding a discovery dispute. The Court notes that Plaintiff has proposed removing two redactions (reflected in green highlighting). The Court finds that the remaining proposed redactions (reflected in blue highlighting) are appropriate and narrowly tailored to protect Adeia's sensitive business information.

**H. <u>Exhibit H (ECF No. 153-8)</u>**

This is an undated draft Stipulation. The Court finds that the one proposed redaction on the last page is appropriate.

**I. <u>Exhibit I (ECF No. 153-9)</u>**

This is Plaintiff's motion to seal portions of the Court's July 2, 2026 Order. The Court finds that the proposed redactions are proper, except in one respect. Consistent with the Court's ruling with respect to the July 2, 2026 Order (*see* Discussion Section I.B., *supra*), the last bullet point on PDF page 10 and the two bullet points on PDF page 11 shall be unredacted.

**J. <u>Exhibit K (ECF No. 153-11)</u>**

This is Defendant's opposition to Plaintiff's motion to seal portions of the Court's July 2, 2026 Order. The Court finds that the proposed redactions are proper, except in one respect. Consistent with the Court's ruling with respect to the July 2, 2026 Order (see Discussion Section I.B., supra), the proposed redaction on PDF page 7 shall not be made.

**K. <u>Exhibit L (ECF No. 153-12)</u>**

This is Plaintiff's reply in connection with its motion to seal portions of the Court's July 2, 2026 Order. The Court finds that the proposed redactions (reflected in yellow highlighting) are appropriate and narrowly tailored to protect Adeia's sensitive business information.

**L. <u>Exhibit M (ECF No. 153-13)</u>**

This is Plaintiff's response to Defendant's motion to dismiss. The Court finds that the proposed redactions are proper, except in one respect. The case citation at the bottom of PDF page 14 should be unredacted.

**M. <u>Exhibit N (ECF No. 153-14)</u>**

This is DirecTV's reply memorandum in further support of its motion to dismiss the DTSA claim. The Court notes that Plaintiff has proposed removing a number of its redactions (reflected in orange highlighting). The Court finds that the remaining proposed redactions (reflected in yellow highlighting) are appropriate and narrowly tailored to protect Adeia's sensitive business information.

**N. <u>Exhibit O (ECF No. 153-15)</u>**

This is a letter from Plaintiff's counsel, dated August 10, 2026, regarding a discovery dispute. The Court finds that the proposed redactions (reflected in yellow highlighting) are appropriate and narrowly tailored to protect Adeia's sensitive business information.

**O. <u>Exhibit P (ECF No. 153-16)</u>**

This is a letter from Defendant's counsel, dated August 17, 2026, regarding a discovery dispute. The Court notes that Plaintiff has proposed removing a number of its redactions (reflected in orange highlighting). The Court finds that the remaining proposed redactions

(reflected in yellow highlighting) are appropriate and narrowly tailored to protect Adeia's sensitive business information.

## III. Remaining Motions to Seal

Two remaining motions to seal must be addressed. (*See* Def.'s 9/18/26 Ltr. Mot., ECF No. 148; Pl.'s 9/23/26 Ltr. Mot., ECF No. 158.)

### A. Defendant's September 18, 2026 Letter (ECF No. 149)

In its September 18, 2026 Letter Motion filed at ECF No. 148, DirecTV seeks to seal certain portions of its September 18, 2026 letter that was filed at ECF No. 149 regarding modification and/or withdrawal of various motions to seal. (Def.'s 9/18/26 Ltr., ECF No. 149.) DirecTV filed its letter with certain proposed redactions that were highlighted in yellow. The Court finds that these redactions are appropriate.

### B. Plaintiff's September 23, 2026 Letter (ECF No. 159)

In its September 23, 2026 Letter Motion filed at ECF No. 158, Adeia seeks to seal certain portions of its letter that was filed at ECF No. 159. Adeia filed its letter with certain proposed redactions that were highlighted in yellow. The Court finds that these redactions are appropriate.

## CONCLUSION

For the foregoing reasons, the motions to seal filed at ECF No. 148 and 158 are GRANTED, the motions to seal filed at ECF Nos. 152 and 153 are GRANTED IN PART and DENIED IN PART and the motions to seal filed at ECF Nos. 56, 60, 73, 79, 83, 94, 99, 105, 111, 114, 119, 126, 134 and 140 are DENIED AS MOOT.

No later than Monday, October 19, 2026, Plaintiff shall publicly file ECF Nos. 153-1 to 153-16 and 159 with the redactions the Court has approved in this Order, and Defendant shall publicly file a redacted version of ECF No. 149.

**SO ORDERED.**

Dated: New York, New York
October 5, 2026

STEWART D. AARON
United States Magistrate Judge