[redacted]

CALDWELL
CASSADY
CURRY

Brad W. Caldwell
2121 N. Pearl Street, Suite 1200
Dallas, Texas 75201
bcaldwell@caldwellcc.com
Phone: 214.888.4840
Facsimile: 214.888.4849

October 12, 2026

**VIA ECF**

The Honorable Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Adeia Inc. v. DIRECTV, LLC*, No. 1:26-cv-00238-AT

Dear Judge Aaron:

This letter addresses the Court's recent order regarding pending motions to seal. Dkt. 161. Adeia largely agrees with, or at least accepts, the Court's rulings as to whether or not certain redactions were appropriate, with two narrow exceptions: (i) the portion of the proposed redactions of Judge Torres's July 2, 2026 Order (Dkt 153-10) at page 11, which states that the "narrow categories of information disclosed here" were "patent ownership and [redacted]"; and (2) the first redaction on Dkt. 153-1 on PDF page 22 that states "[redacted]." Adeia asks the Court to allow the clause "[redacted]" and "[redacted]" to be redacted. These proposed redactions reveal information that would destroy one of Adeia's asserted trade secrets, and it reveals information of a similar type that the Court has held to be properly redacted.

Among other things, Adeia in this case alleges trade secret protection over [redacted]. Unredacted portions of Judge Torres's July 2, 2026 Order already reveal that DIRECTV filed a DJ action and "Adeia alleges that DIRECTV breached the NDA and misappropriated trade secrets by filing the DJ action." Dkt. 153-10 at 2-3. In context, revealing that Adeia disclosed information about "[redacted]" destroys some of Adeia's trade secrets because it reveals that [redacted]. Identifying this portion of Dkt. 153-1 at PDF page 22 is of similar effect, particularly as it relates to [redacted].

These isolated clauses about the nature of the information is akin to the material that the Court already decided was properly protected. Given the amount of material to sift through, the Court may not have fully recognized the extent to which these small phrases could cause

[redacted]

significant harm to Adeia's secrets and the extent to which the information was of the same type it held could properly remain redacted elsewhere in the order. But ultimately, revealing this information would destroy Adeia's trade secrets in the same way as the other material the Court previously found could remain under seal and Adeia respectfully requests the Court to allow it to remain under seal. Moreover, by redacting only these isolated clauses of sentences, the Court still furthers any public interest, including in Judge Torres's judicial reasoning, while continuing to protect Adeia's legitimate interest in this trade secret.

Because publicly revealing this information likely destroys some of Adeia's asserted trade secrets, Adeia respectfully requests that, in the event the Court denies this sealing request, the Court stays the unsealing of the specific phrases identified above to permit Adeia to take an immediate interlocutory appeal. *See* 18 U.S.C. § 1835(a) (providing for immediate appeal of order revealing trade secrets).

For the reasons stated above, the Court should reconsider its October 5, 2026 Order in part to allow two additional clauses, totaling only 15 additional words, to remain redacted.

Respectfully submitted,

/s/ *Brad W. Caldwell*
Brad W. Caldwell

cc: Counsel of record (via ECF)