ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC 20001

Telephone (202) 783-6040
Facsimile (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

G. Franklin Rothwell (1928-2011)
Harry F. Manbeck, Jr. (1926-2025)

E. Anthony Figg
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Jennifer B. Maisel
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols

*Not a member of the D.C. Bar. Practice limited to patent, trademark and copyright matters and cases in federal courts.

Daniel L. Shores
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
Bryan B. Thompson*
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins
Stephanie E. Waltersdorff
Rolando F. Rengifo, Ph.D.
Benjamin H. Fishman
Jotham Koneri
Delon Lier*

Of Counsel
Alexandra S. Hughes
Hugham Chan

**PROPOSED TO BE FILED UNDER SEAL**

September 18, 2026

*via ECF*

Honorable Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Adeia Inc., et al. v. DIRECTV, LLC*, Case No. 1:26-cv-00238-AT-SDA

Dear Judge Aaron:

We represent Defendant DIRECTV, LLC ("DIRECTV") in the above-referenced case, which was filed on January 12, 2026. DIRECTV respectfully submits this letter pursuant to the Court's Orders regarding modification and/or withdrawal of various motions to seal. *See* ECFs 138, 143.

As set forth in Defendant's Opposition to Plaintiffs' Motion to Seal Portions of the Court's Order Denying Plaintiffs' Motion for Preliminary Injunction ("DIRECTV's Sealing Opposition," ECF 98), DIRECTV does not disagree with the unsealing of information consistent with the July 2, 2026 Order of Judge Torres at ECF 93. We conferred with Plaintiffs regarding the unsealing of documents on September 17, 2026, and understand that Plaintiffs dispute the unsealing of certain information that was made publicly available and/or ordered to be unsealed in ECF 93 as will be set forth in more detail in Plaintiffs' letter. Earlier today, we received from Plaintiffs the set of documents at issue with Plaintiffs' proposed redactions and the following explanation:

> There are three tiers of markup in the documents: (1) yellow or blue highlighting that indicates the original redactions to a document; (2) orange or green highlighting, respectively, that indicates text we propose unredacting per the Court's Order, Dkt. 93, subject to our motion to seal, Dkt. 96; and (3) black boxes around text that would

> be unredacted if the Court determines that the contents of its Order, Dkt. 93, are publicly available.

Email from E. Horsley dated September 18, 2026.

With respect to the information identified in category (2), DIRECTV agrees with unredacting that information. With respect to the information identified in category (3), DIRECTV disagrees with Plaintiffs that the information should remain under seal for the reasons set forth in DIRECTV's Sealing Opposition (ECF 98), but agrees that the information has been accurately identified as information that should be unredacted if the Court determines that the contents of its July 2 Order (ECF 93) are publicly available.

DIRECTV, however, does not agree that all of the category (1) information for which Plaintiffs have maintained the original highlighting is properly maintained under seal even if the Court determines that the contents of its July 2 Order are publicly available. Based on the Court's July 2 Order, Plaintiffs appear to have been overinclusive for this category. Specifically, DIRECTV understands that the following categories of information should be unsealed pursuant to the Court's July 2 Order at ECF 93:

1. **<u>The Parties Engaged in</u>** [redacted]

The Court's July 2 Order includes as background information that the parties [redacted] and that [redacted] ECF 93 at 1-2. Plaintiffs, however, inconsistently propose maintaining original redactions for information about these [redacted]. For example, Plaintiffs propose the following:

[redacted] Regan Decl. at ¶ 5. Despite the expiration of the core patents in its media portfolio, [redacted] *See id.* at ¶ 6. [redacted] *See id.* [redacted] *See id.* [redacted] *Id.*

In April 2025 [redacted] the parties agreed to enter an NDA. *See id.* at ¶ 7. The purpose of the NDA was to facilitate licensing negotiations between the parties and allow them to evaluate whether to enter a

Plaintiffs' Proposed Revised Redactions to ECF 37 at 6.

While DIRECTV largely agrees with the yellow highlighting, the clause "[redacted]" within the orange highlighting should not be under seal pursuant to the Court's July 2 Order. DIRECTV also contends that the black box information should not be under seal but understands that it is information where Adeia disagrees with the Court's July 2 Order unsealing certain information and thus understands it is appropriately designated by a black box.

## 2. The Terms of the NDA

The Court's July 2 Order expressly ordered the unsealing of the NDA (ECF 93 at 7); yet, Plaintiffs have inconsistently proposed to keep under seal certain terms of the NDA. For example, the yellow highlighted portions below are not appropriately under seal pursuant to the Court's July 2 Order:

[3] This Court need not address for purposes of resolving this motion [redacted]

Plaintiffs' Proposed Revised Redactions to ECF 37 at 19.

This footnote discusses the terms of the NDA, and thus DIRECTV's understanding is that it should not remain under seal pursuant to the Court's July 2 Order. If Adeia disputes its unsealing, then it should have a black box.

This same issue applies to Plaintiffs' proposed redactions for the following documents: ECFs 37-001, 61, 74, 96-001, 106, and 116.

3. **Identification of [redacted] and Background that Generally Describes the [redacted]**

The Court's July 2 Order includes the following statements as background information:

- "One day after the parties signed the NDA, Adeia emailed to DirecTV a [redacted] *See* Mem. at 2–3; ECF No. 26-3 (email)."
- "[redacted] *See* ECF No. 26-5 [redacted]."
- "By [redacted], stating that its [redacted] ECF No. 26-6 (letter)."

ECF 93 at 2 (citations omitted).

The Court's July 2 Order further explains that there is a distinction between unsealing general descriptions of what was [redacted] and the [redacted], which remain under seal. *See id.* at 2, 8-9. For that reason, it is DIRECTV's understanding that identification of the [redacted] should not be under seal consistent with the Court's statements above. DIRECTV further understands that Plaintiffs may disagree with making this information publicly available, meaning it should be identified by a black box in Plaintiffs' proposed revised redactions. However, in those documents, the original highlighting is maintained for much of this background information. For example, below is an excerpt of Plaintiffs' proposed revised highlighting for ECF 58:

> The DTSA defines "misappropriation" in relevant part as the "disclosure or use of a trade secret of another without express or implied consent." 18 U.S.C. § 1839(5)(B). The ***only basis*** for the alleged misappropriation is ***improper use*** because DIRECTV [redacted] *See* D.I. 1, ¶ 59. The theory that [redacted] is implausible on its face. Even assuming that [redacted] and conclusory allegations of "use" are insufficient to plausibly plead misappropriation. *See 24 Seven*, 2021 WL 276654, at *9 (rejecting conclusory allegation of use).

Plaintiffs' Proposed Revised Redactions to ECF 58 at 4.

It is DIRECTV's understanding that none of the highlighted information should be redacted because it describes the information included in DIRECTV's DJ Complaint and does not reveal the content of any [redacted] other than with a high-level description. At a minimum, the following should be unredacted pursuant to the Court's July 2 Order: (1) the two references to "[redacted]" (2) "[redacted]" (3) [redacted] and (4) "[redacted]" Thus, to the extent Adeia believes any of this information should be maintained under seal, the information should have a black box because sealing this information is inconsistent with the Court's July 2 Order.

This same issue applies to Plaintiffs' proposed redactions for the following documents: ECFs 37, 37-001, 58, 61, 74, 80, 84, 96, 96-001, 100, 106, 112, 116, and 127.

**4. <u>Descriptions of the DJ Complaint</u>**

The Court's July 2 Order also includes statements about the DJ Complaint itself (which is not under seal), including that "[i]n that action, DirecTV sought declarations of non-infringement and invalidity for 10 patents owned by Adeia. . . . [redacted]"

ECF 93 at 2-3 (citations omitted).

DIRECTV thus understands that pursuant to the July 2 Order this information should not be under seal. For example, below are two excerpts of Plaintiffs' proposed highlighting from ECF 58:

> *aff'd*, 517 U.S. 370 (1996). [redacted] *See* D.I. 1, ¶¶ 32, 53 ([redacted]). Again, the Complaint does not allege

> to Adeia's entire patent portfolio before that license expired. *Id.* at ¶ 29. DIRECTV was able to bring suit on patents in the portfolio [redacted] *See id.* at ¶ 50; *see also*

Plaintiffs' Proposed Revised Redactions to ECF 58 at 2-3.

In the above example, DIRECTV disagrees that "[redacted]" "[redacted]" and "[redacted]" properly remain under seal pursuant to the Court's July 2 Order. DIRECTV takes no position on whether the fact that "[redacted]" properly remains under seal consistent with the Court's July 2 Order.

Because this information describes information included in DIRECTV's DJ Complaint, it is not properly redacted pursuant to the Court's July 2 Order. Thus, to the extent Adeia believes it should be maintained under seal, the information should have a black box because sealing this information is inconsistent with the Court's July 2 Order.

This same issue applies to Plaintiffs' proposed redactions for the following documents: ECFs 37, 58, 74, 84, 84-004, 96, 96-001, 100, 112, and 116.

DIRECTV agrees with the Court that these categories of information should not be under seal because they do not disclose the actual content of the parties' [redacted] and the parties' [redacted]. *See* ECF 93 at 8-9. Adeia may disagree, but if it does, then it should properly categorize this information as information where there is a dispute, using its black box designation. Because there appears to be a dispute as to the scope of what information remains under seal pursuant to the Court's July 2 Order (ECF 93), DIRECTV respectfully requests the Court's further guidance on the unsealing of these categories of information.

Respectfully submitted,

Sharon L. Davis

Sharon L. Davis

cc: Counsel of record (via ECF)