CALDWELL
CASSADY
CURRY

Bradley W. Caldwell
email bcaldwell@caldwellcc.com
phone 214.888.4840
fax 214.888.4849
address 2121 N. Pearl St., Suite 1200
Dallas, Texas 75201

November 23, 2026

**Via ECF:**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Adeia Inc.*, *et al. v. DIRECTV, LLC*, No. 1:26-cv-00238-AT-SDA (S.D.N.Y.)

Dear Judge Torres:

The Court ordered the parties to confer and jointly propose a redacted version of the Court's Order dismissing Plaintiff's complaint, ("Order"), Dkt. 234. The parties have conferred and jointly propose the redactions to the Order shown in Exhibit A accompanying this letter. The proposed redactions are appropriate because the material the parties seek to redact relates to information Adeia alleges constitutes its trade secrets and the parties' confidential information exchanged under the NDA. The redactions are made in accordance with the Court's Orders on Sealing, Dkts. 161, 223.

## I. BACKGROUND

The Order describes the scope and content of materials exchanged between Adeia and DIRECTV under the NDA. The materials shared by Adeia under the NDA include its alleged confidential and trade secret information.

## II. LEGAL STANDARD

Courts in the Second Circuit conduct "a three-part analysis" in determining whether to seal documents. *Hooks v. Bridge Street Glob. Hosp.*, No. 1:18-cv-5177-VEC, 2025 WL 2116619, at *1 (S.D.N.Y. July 29, 2025). First, the Court looks to whether the document is a "judicial document." *Id.* (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Second, if a document is a judicial document, then the Court "must determine the weight of the presumption of access." *Id.* at *1 (citing *Lugosch*, 435 F.3d at 119). "The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the

federal courts." *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Third, the Court then balances any competing considerations against that presumption of access. *Id.* (citing *Lugosch*, 435 F.3d at 120).

"Competing considerations" include "the privacy interests of those resisting disclosure, such as trade secrets and sources of business information that might harm a litigant's competitive standing." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154–55 (S.D.N.Y. 2015). "If such factors outweigh the value to the public of accessing the document at issue, then that document should be sealed." *Matter of Upper Brook Cos.*, No. 1:22-MC-97-PKC, 2023 WL 172003, at *1 (S.D.N.Y. Jan. 12, 2023).

## III. ARGUMENT

The Order is a judicial document. The Order addresses Adeia's alleged trade secrets and other sensitive confidential material at issue between Adeia and DIRECTV. The parties' interest in protecting this information from disclosure outweighs any interest of the public in accessing the material the parties' seek to redact.

The Order analyzes Adeia's alleged trade secrets as well as descriptions of the content of confidential materials exchanged between the parties under the NDA. Adeia contends that the materials shared under the NDA include confidential and trade secret information. Redactions are proposed only for material that would otherwise reveal the content of alleged trade secret and/or sensitive confidential information. Trade secrets and sensitive confidential information are routinely protected from public disclosure. *See, e.g., Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (recognizing "trade secrets" and other confidential commercial information among materials commonly sealed); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 612–13 (S.D.N.Y. 1998). The Defend Trade Secrets Act likewise directs courts to "take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835(a).

The parties' request also balances the parties' confidentiality interests against the public's right to inspect judicial records. The redactions are narrowly tailored to protect the commercially sensitive and confidential information at issue. *See Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 1:20-cv-05502, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021). And Courts often "limit[] public access to sensitive business information by sealing portions of the record"—as is proposed here—finding that the interest in safeguarding this information "overcome[s] the presumption of access." *Hesse v. Sungard Sys. Int'l*, No. 1:12-cv-1990-CM-JLC, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013). Ultimately, the public's right to inspect judicial records is not harmed by these redactions because the substance of Court's reasoning can be understood without the sensitive information the parties propose to redact.

Thus, the confidentiality and alleged trade secret interests at issue outweigh the applicable presumption of public access, and the material at issue is appropriate for redaction.

## IV. CONCLUSION

For the reasons stated above, the parties respectfully request that the Court approve the proposed redactions to the Order and keep the unredacted Order under seal.

Sincerely,

*/s/ Bradley W. Caldwell*

Bradley W. Caldwell (admitted *pro hac vice*)
New York State Bar No. 5197546
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Jonathan P. Bach
**SHAPIRO ARATO BACH LLP**
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
Telephone: (212) 257-4897
jbach@shapiroarato.com

*Attorneys for Plaintiffs Adeia Inc., Adeia Media Holdings Inc., Adeia Media LLC, Adeia Guides Inc., Adeia Technologies Inc., and Adeia Media Solutions Inc.*

*/s/ Sharon L. Davis*

Sharon L. Davis (admitted *pro hac vice*)
**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (2020 783-6040
Facsimile: (202) 783-6031
sdavis@rothwellfigg.com

*Attorneys for Defendant DIRECTV, LLC*

cc: All counsel of record via ECF system